William E. Stanton, Esq. Informal Opinion Deputy Town Attorney No. 96-6 Town of Clinton P. O. Box 208 Clinton Corners, N Y 12514
Dear Mr. Stanton:
You have indicated that the spouse of a member of the town board serves as the chairperson of the board of assessment review of the same town. You have asked whether a conflict of interests would occur were the town board member to participate in discussions of the town board and vote on whether to commence litigation against the board of assessment review.
We have distinguished between types of actions in determining whether spouses serving the same governmental unit have disqualifying conflicts of interests. As to actions by a spouse that would affect the terms and conditions of employment of the other spouse, we have found that recusal is necessary. 1986 Op Atty Gen (Inf) 101. In that these matters may include, for example, compensation and tenure in office, the spouse has a personal interest by reason of the marital relationship. On the other hand, we have found that a spouse may act with respect to other governmental matters even though there may be an impact, for example, on the department where his or her marital partner serves. Op Atty Gen (Inf) No. 90-12.[1]
In our view, participation by a spouse in deliberations and voting as a member of the town board regarding possible litigation against the town's board of assessment review of which her husband is chairperson would create a conflict of interests or at least an appearance of a conflict. You have informed us that the town board is considering a legal challenge regarding reductions in the assessments of several individuals. A determination whether the town board should commence litigation against another town department is, in our view, distinguishable from ordinary governmental decisions. Presumably, the commencement of litigation would be based on a finding of improper actions of the town agency or would constitute a challenge to the decision-making process. We believe that the town board member should not place herself in the position of having to determine whether the actions of a town agency, of which her husband is chairperson, were proper. At the very least, this creates an appearance of impropriety. Government officials should exercise their responsibilities free from any question that they are solely representing the public interest.
We conclude that a member of the town board should recuse herself from deliberations and voting regarding possible legal action against the board of assessment review, of which her husband is chairperson.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE, Assistant Attorney General in Charge of Opinions
[1] We note, however, Informal Opinion No. 94-12 where we concluded that the service of the husband as the county treasurer and his wife as the deputy county auditor would erode fiscal checks and balances designed to maintain public confidence in government.